On Rehearing
TORBERT, Chief Justice
(concurring specially on denial of rehearing).
As I stated in my original special concurrence with the majority opinion, the trial judge should not have placed any property value before the jury. While I am sure the action by the trial judge was not meant to prejudice either party, it did become evidence for the jury to consider and results in this reversal and remand for new trial.
The original opinion also establishes some guidelines for the trial court to follow upon consideration of United States v. 320.0 Acres of Land, 605 F.2d 762 (5th Cir. 1979). All these guidelines say is that if or when the State attempts through expert testimony to establish a lower value than the pretrial offer for the property involved, the landowner can use the pre-trial offer made by the State as an admission by the State in order to impeach the evidence of lower value.
Naturally, the State could come to trial and establish its pre-trial offer as just compensation and defend this value by showing the evolvement of the offer, thus establishing before the jury that its actions were accomplished in good faith.
This Court recognizes the frustrations of the parties and their desire to have this matter resolved. However, we must decide the case on issues which are determined to be dispositive. I concur in denial of the application for rehearing.